

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00428-CV

———————————————

CORNELIUS JOE ERGONIS AND LINDA ANN ERGONIS, Appellants

V.

WILLIAM THOMAS SULTZBAUGH; SHARON ELLIOTT SULTZBAUGH; EBBY
HALLIDAY REAL ESTATE, INC.; AND KATHY GIBSON, Appellees

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 19-5640-362

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

On January 10, 2022, we notified the parties by letter that we were concerned that we lack jurisdiction over this appeal from the trial court's three summary judgments—entered on November 17, 2021, November 22, 2021, and November 30, 2021—because the judgments do not appear to be final judgments or appealable interlocutory orders. We stated that the appeal could be dismissed for want of jurisdiction unless any party desiring to continue the appeal filed with this court on or before January 20, 2022, a response showing grounds for continuing the appeal.

In response, Appellees Ebby Halliday Real Estate, Inc. and Kathy Gibson filed a motion to dismiss the appeal for want of jurisdiction, stating that the three summary-judgment orders did not dispose of all parties or their contractual counterclaim. Appellants filed a response to our jurisdictional letter and Appellees' motion to dismiss in which Appellants stated that they do not oppose dismissal of the appeal based on the judgments not being final or otherwise appealable interlocutory orders.[1]

After the deadline for responding to our jurisdiction letter had passed, Appellees William and Sharon Sultzbaugh filed a reply to Appellants' response,

---

[1]Appellants requested that any dismissal opinion be "founded upon[] (i) a want of jurisdiction arising, as it were, from judgments not being 'final' or otherwise appealable interlocutory orders, and (ii) [an] acknowledgment that plenary authority has remained throughout, undisturbed and in full force and effect, with the [t]rial [c]ourt." Because we are dismissing for want of jurisdiction, we decline to make any other determinations.

clarifying statements made in Appellants' response and agreeing that the appeal should be dismissed for want of jurisdiction.  Appellees Ebby Halliday Real Estate, Inc. and Kathy Gibson also filed a reply, continuing to urge dismissal for want of jurisdiction.

Accordingly, we grant Appellees Ebby Halliday Real Estate, Inc. and Kathy Gibson's motion to dismiss for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

Per Curiam

Delivered:  February 17, 2022